JUAN MONSERRATE, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE HUMACAO, Hon. Gabriel Castejón, Juez, demandado.

No. 503.—*Visto:* Febrero 15, 1926. *Resuelto:* Abril 28, 1926.

DERECHO PENAL—FECHA DEL JUICIO Y SUSPENSIÓN—SOBRESEIMIENTO DEL PROCESO—TARDANZA EN CELEBRAR EL JUICIO O EN PRESENTAR LA ACUSACIÓN—ACUSACIÓN NO PRESENTADA DENTRO DEL TÉRMINO.—Un detenido que tiene derecho a hacer uso del artículo 448 del Código de Enjuiciamiento Criminal no necesita recurrir a un remedio extraordinario pero puede obtener su libertad mediante moción a la corte de distrito.

CERTIORARI para revisar resolución de *Gabriel Castejón,* J. (Humacao), declarando sin lugar moción de sobreseimiento. *Anulada la resolución y sobreseído el caso.*

*F. Cervoni Gely,* abogado del peticionario; *José E. Figueras,* abogado del demandado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La decisión de este caso estaba pendiente de nuestra sentencia en el de *Velázquez et al.* v. *Corte de Distrito de Humacao,* resuelto en esta misma fecha, No. 508. Allí resolvimos que el anterior proceso aún estaba pendiente y que la acción del fiscal en tratar de radicar un *nolle prosequi* era nula y sin ningún valor. Los hechos ante nos son que el acusado fué arrestado el día 9 de agosto de 1925. En diciembre 14, 1925, solicitó el archivo y sobreseimiento del proceso por virtud del artículo 448 del Código de Enjuiciamiento Criminal, fundándose en haber transcurrido más de 120 días desde la fecha de su detención sin haberse presentado una acusación contra él. La Corte de Distrito de Humacao en 15 de diciembre de 1925 dictó la siguiente resolución:

"Considerando la moción de sobreseimiento presentada por el Lcdo. F. Cervoni Gely, solicitando el archivo del caso por no haber

sido visto el mismo dentro del término de 120 días desde que el acusado fué detenido.

"La Corte entiende que carece de jurisdicción sobre el asunto, toda vez que la acusación, base del mismo, no ha sido aún radicada en la Secretaría de esta Corte, y además, vista la jurisprudencia en el caso de *Dyer* v. *Rossy,* 23 D.P.R. 781, en el cual se establece la doctrina de que el procedimiento adecuado para estos casos es única y verdaderamente el remedio de *mandamus.*

"No ha lugar a proveer a lo que en dicha moción se interesa."

Ahora bien, aunque puede proceder quizás el auto de *mandamus,* ése es el remedio extraordinario. El artículo 448 prescribe lo siguiente:

"A menos que exista justa causa contraria, el tribunal decretará el sobrescimiento del proceso en los casos siguientes:

"1.—Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2.—Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

De una simple lectura de ese estatuto se ve que la acusación debe presentarse dentro de 60 días, o de otro modo la corte ordenará el sobreseimiento del proceso. La forma rápida y corriente es mediante moción a la corte. En el caso de *Dyer* v. *Rossy,* el *mandamus* fué librado por esta corte. No puede suponerse que la corte inferior expedirá un auto de *mandamus* contra ella misma, ni que un acusado deba venir a esta corte en busca de un remedio. El peticionario tenía derecho a un sobreseimiento, debidamente lo solicitó y la *resolución de diciembre 15 debe ser anulada y sobreseídos los procedimientos seguidos contra él sin perjuicio del derecho del fiscal para comenzar de nuevo.*