El Pueblo de Puerto Rico, demandante y apelado, *v.*
Sergio Dávila, acusado y apelante.

No. 3380.—*Visto:* Enero 25, 1928. *Resuelto:* Marzo 19, 1928.

1. Derecho Penal—"Former Jeopardy"—Actuaciones Antes de que Surja
   el "Former Jeopardy"—Sobreseimiento o Archivo de la Acusación.—
   Cuando archivada una acusación por haber transcurrido más de sesenta días
   después del arresto del acusado, el fiscal, a virtud de nuevo estudio, somete
   la causa al gran jurado y éste trae una acusación fundada por seducción,
   tal sobreseimiento o archivo de la primera acusación no imposibilita la for-
   mación del segundo proceso por el mismo delito.

2. Seducción—Responsabilidad Criminal — Instrucciones al Jurado—Casti-
   dad de la Ofendida.—Cuando no hay prueba que sostenga que la perjudi-
   cada realizara actos carnales repetidos con el acusado—no pudiéndose de-
   ducir éstos necesariamente del hecho de que ella quedara en cinta—, una
   corte propiamente rehusa transmitir al jurado una instrucción al efecto de
   que tales actos repetidos pueden considerarse a los efectos de determinar
   el previo carácter casto de la ofendida.

3. Derecho Penal—Juicio—Solicitud de Instrucciones—Solicitud de Ins-
   trucción Errónea.—Cuando la instrucción que el acusado pide que se tras-
   mita al jurado no contiene una justa y completa exposición del principio
   legal envuelto, no comete error la corte al negarse a trasmitirla.

4. Derecho Penal—Asignación de Errores y Alegatos—De los Alegatos en
   General—Discusión de Errores—Omisión de Discutirlos y Efecto.—
   Cuando el apelante se queja de la negativa de la corte a trasmitir ciertas
   instrucciones, pero en su alegato no expone razón alguna para sostener su
   contención, y no resulta aparente que se haya cometido error alguno, la
   Corte Suprema no entrará a considerar las cuestiones suscitadas.

Sentencia de *Pablo Berga,* J. (San Juan), condenando al acusado
por delito de seducción, con costas. *Confirmada.*

*R. Díaz Collazo,* abogado del apelante; *José E. Figueras,* abogado
de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

Sergio Dávila fué acusado, juzgado y condenado como
autor de un delito de seducción. No conforme, apeló. Su
alegato no se ajusta a las reglas de este tribunal, pero de
su lectura se desprende con toda claridad que se alega que
fué errónea la resolución de la corte negando el sobresei-
miento de la causa y que la corte erró también al negarse
a trasmitir ciertas instrucciones al jurado.

[1] Examinemos el primer error. Sostuvo el acusado

que debió sobreseerse en el proceso porque el fiscal dejó transcurrir más de sesenta días después del arresto del acusado sin presentar la acusación. Contestó el fiscal que la causa se recibió en su oficina el 5 de mayo de 1925 con una fianza prestada por el acusado el 3 de marzo anterior y que el cinco de agosto siguiente fué archivada por haber transcurrido los sesenta días que marca la ley, cancelándose la fianza prestada por el acusado y quedando éste por consiguiente en libertad; que a virtud de un nuevo estudio resolvió someter la causa al gran jurado, expidiendo nueva orden de arresto el 28 de agosto de 1925, y que el 1º de septiembre siguiente el gran jurado presentó su acusación fundada cuya lectura se señaló para unos días después.

La corte, a virtud de los hechos alegados declaró no haber lugar a decretar el sobreseimiento.

El artículo 452 del Código de Enjuiciamiento Criminal dice: ''Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito, si éste es un *misdemeanor* (delito menos grave); pero no así cuando el delito es un *felony* (delito muy grave).''

Bajo la autoridad de ese artículo y atendidas las circunstancias concurrentes, no hay motivo para concluir que la corte errara al actuar como actuó. Basta una ligera lectura de la decisión de esta corte en el caso de *Monserrate* v. *Corte de Distrito,* 35 D.P.R. 367, que invoca en su favor el apelante, para concluir que no es aplicable. La cita de otro caso que hace el apelante está equivocada.

[2] Veamos ahora lo ocurrido en relación con las instrucciones al jurado.

El acusado pidió a la corte que trasmitiera la siguiente instrucción:

''Que la promesa de matrimonio debe ser absoluta y no condicionada a la ocurrencia de otros acontecimientos distintos al contacto carnal, y que una promesa de matrimonio en caso de que la mujer

quede embarazada, no es suficiente para declarar al acusado culpable del delito que se le imputa.''

La corte trasmitió la primera parte y negó la segunda y dijo, además, por su propio acuerdo, lo que sigue:

''La promesa se considera como el arte o la maña, que constituye la trama y el engaño, para persuadir suavemente al mal, o sea el acto carnal a que se entrega una mujer soltera y hasta entonces reputada por pura, sin pensar en las consecuencias y sólo sugestionada por el hecho creído de que habría de cumplírsele la promesa que se le empeñara.

''Para que pueda declararse culpable a un acusado del delito de seducción, debe establecerse de un modo afirmativo, que el acto carnal, se verificó sólo por consecuencia de la promesa de matrimonio, y que la mujer estaba reputada por pura, siendo soltera. La declaración de la mujer ofendida debe ser franca, firme y sincera, de tal modo que se vea en ella, como dije antes, a la víctima de un engaño. Sólo por la promesa de matrimonio debe entregarse la mujer. Si lo hace por la fuerza o la violencia, o por otras promesas o halagos, o para evitar futuros acontecimientos que no sea la promesa de matrimonio, entonces no existiría el delito de seducción. La promesa debe probarse hasta el punto que el Jurado quede convencido de que la mujer, sin pensar en las consecuencias, y sólo sugestionada por el hecho firmemente creído de que habría de cumplírsele la promesa que se le empeñára, se entregó y tuvo contacto carnal con el acusado; y debe aparecer de la prueba, categóricamente, que la promesa de matrimonio fué solamente la que obró en la voluntad de la mujer para decidirla a realizar el acto carnal.

''El acto carnal, por sí solo, no constituye el delito de seducción. Si la mujer se entrega al hombre para satisfacer un deseo sexual y el comercio carnal se realiza por el anhelo mutuo de las partes, no existe el delito de seducción. En la seducción debe haber la promesa de matrimonio.

＊          ＊          ＊          ＊          ＊          ＊          ＊

''Como dije antes al Jurado, el testimonio de la mujer ofendida debe ser corroborado en cuanto a estos elementos esenciales: el acto carnal y la promesa de matrimonio. La corroboración del acto carnal puede consistir en un estado de embarazo como resultado de dicho acto y el nacimiento de un hijo, normalmente, a los nueve meses de su concepción.''

Al discutir en su alegato la cuestión, es confuso el apelante. Abarca los dos extremos. El segundo puede discutirse sobre la base de una negativa de la corte, mas no el primero que sólo puede serlo por insuficiencia de la prueba, ya que la corte trasmitió y extendió la instrucción.

La cuestión del embarazo tal como se presenta en la instrucción denegada, es claramente insostenible, en cualquier sentido que se interprete.

Y yendo a la prueba, es cierto que el abogado del acusado, tras un largo, hábil y capcioso interrogatorio de la ofendida, logró que ésta le contestara que por supuesto había influido en su determinación de entregarse el haber sabido que su prometido tenía otra novia con la cual se decía que iba a casarse, pero es lo cierto también que de toda la declaración surge de modo claro y persistente que si se rindió, fué porque creyó que el acusado cumpliría la promesa que le hizo de casarse con ella.

Las instrucciones de la corte fueron completas, y era para el jurado el resolver sobre la suficiencia de la prueba. Lo hizo en contra del acusado y no vemos cómo puede anularse su veredicto sostenido como está por una interpretación racional de la evidencia.

Otra instrucción negada fué:

"Que el hecho de haber tenido contacto carnal con el.acusado en distintas ocasiones luego de la alegada seducción puede ser considerado por el Jurado para determinar el concepto que la mujer deba tener en cuanto a su previo carácter casto."

Como dice el Fiscal de esta corte, no hay un átomo de prueba que sostenga que la perjudicada realizó actos carnales repetidos con el acusado. Se le preguntó sobre el extremo a ella misma y lo negó enfáticamente. Del hecho de que la perjudicada quedara en cinta no puede necesariamente deducirse la existencia de actos carnales repetidos. Siendo ello así, la corte no estaba obligada a trasmitir la instrucción.

[3] También se negó la corte a trasmitir la instrucción que sigue:

"Que la presunción de inocencia del acusado se sobrepone a la presunción de castidad de la supuesta ofendida."

Se invoca como autoridad para sostener que la negativa fué errónea, 35 Cyc. 1368.

Encontramos, en efecto, una cita en dicho texto que dice:

"En otras jurisdicciones las cortes resuelven que es propio instruir al jurado para absolver, si tiene duda razonable en cuanto a si la perjudicada era casta, por la razón de doble aspecto de que es un requisito exigido por el estatuto de que se pruebe la misma, y la presunción de la inocencia del acusado se sobrepone a la presunción de castidad de la perjudicada."

Basta comparar los términos en que quedó establecida la jurisprudencia con los de la propuesta instrucción, para concluir que ésta no debió trasmitirse al jurado porque no contenía una justa y completa exposición del principio.

Y ello resulta aún más claro después de examinar uno de los dos casos que cita Cyc. para sostener el texto. Es el de *Powell* v. *State of Mississippi,* reportado en 20 So. 4, y en él se decidió:

"En una acusación por el delito de seducción hubo prueba de que el acusado había manifestado en una conversación que él había sospechado que la perjudicada se acostaba con otros hombres, y que él fué a la habitación de ella para ver si esperaba a alguien; que él se había convencido por la actitud de ella que ella estaba esperando, y él le dijo que ella estaba procediendo mal; que él había practicado una investigación para cerciorarse de si ella había conservado su castidad. Se resolvió que fué error instruir al jurado que podía tomar en consideración las admisiones del acusado para corroborar la declaración de la perjudicada, ya que tal instrucción llevaba a la mente del jurado la idea de que las manifestaciones del acusado equivalían a una confesión de culpabilidad, mientras que en realidad de verdad el acusado había alegado su inocencia."

El otro caso citado, *West* v. *State,* 1 Wis. 209, no está en nuestra biblioteca.

[4] Se queja por último el apelante de que la corte no trasmitió otra de las instrucciones que le pidió que trasmitiera, pero en su alegato no expone razón alguna para sostener su contención, motivo por el cual, no apareciendo que la actuación de la corte sea aparentemente errónea, no ha lugar a considerar la cuestión suscitada.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Texidor no intervino.